STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Criminal Action
Docket No. CR-19-00927

STATE OF MAINE

vs.

**DECISION AND JUDGMENT**

LINDA GLANTZ

The defendant is charged by complaint with being an unlicensed vehicle dealer in violation of 29-A M.R.S. §951(2). The complaint alleges that she:

"did engage in the business of buying, selling, exchanging, offering to negotiate or advertising a sale of vehicles without having been issued a license under Title 29-A, Chapter 9, Subchapter 3."[1]

The State relies on the part of the complaint charging that she advertised a sale of vehicles without having been issued a license. After the close of evidence, the court made findings on the record and incorporates them into this decision. Much of the evidence is uncontested.

On December 1, 2018, the defendant applied to the Bureau of Motor Vehicles (BMV) for a license to sell used cars at 950 Roosevelt Trail (here-in-after referred to as Rte. 302) in Windham, Maine.[2] The property is owned by her father who previously operated a used vehicle business at the location. Another business also operated there after her father but closed approximately six months before the defendant applied for her license under the name of "Metropolitan Motors".

---

[1] The complaint also alleges that the offense occurred in Portland, Cumberland County; however, it is uncontested that all of the events occurred within the Town of Windham. That error of pleading is irrelevant and venue is proper in this court as Windham is also within Cumberland County.

[2] The court understands that to this date a license has not been issued to the defendant.

As part of a background check for the license, Det. Joseph Nein of the BMV visited the premises on the afternoon of December 14, 2018 and found that there were approximately eight vehicles on the premises that were parked in a position that made it appear that they were being offered for sale. Additionally, there is a large black and white sign on the property that is easily visible on Rte. 302 that states:

**"METROPOLITAN MOTORS**
SALES • SERVICE • TOWING
(207) 893-8716"

On top of that sign is another larger yellow sign with large black print that states:

**Under New**
**Management**
With Warranties Up To One Year

At the time that Det. Nein visited the premises[3] on December 14 at about 3:00 PM, the sign was illuminated. He believes that the illuminated sign and the manner that vehicles were parked along Route 302 indicated that they were for sale. There were no signs, stickers, decorations or other items on any of the vehicles to draw a person's attention that would indicate they were for sale. There is no evidence that a motor vehicle history statement was affixed to any vehicle as required by Maine law. 29-A M.R.S. §952(1)(F) and 10 M.R.S. §1475. When Det. Nein went to the office it was locked. A person came to the door and informed him that Ms. Glantz was not present. They left the premises.

Additionally, there is no evidence that the defendant took any affirmative action to sell, advertise or display for sale any vehicles in violation of the statute.

To qualify for a license to sell used vehicles, an applicant must maintain certain facilities, including; "[f]acilities for the display of vehicles being handled". 29-A M.R.S. §951(1)(A).

---

[3] Another BMV detective and a supervisor traveled to the premises with Det. Nein, neither testified at the trial.

Although the statute does not state it, the defendant believed that she had to have a sign for the business in order to get her license.

Considering the evidence as a whole, the court cannot find beyond a reasonable doubt that Linda Glantz, advertised, "in any form 3 or more vehicles for sale".[4]

## ORDER

The clerk will make the following entry as the Decision and Judgment of the court:

On the evidence presented at trial, the judgement of the court is: Not Guilty.

July 8, 2019

Thomas E. Delahanty II
Justice of the Superior Court
Active-Retired

---

[4] The statute also prohibits the display of 3 or more vehicles on the premises for sale within a 30-day period, but the complaint does not charge that alternative and the State noted to the court it was relying on the advertisement for sale allegation. *See* 29-A M.R.S. §951(C).